IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMY MONTOYA HEWLETT

       Plaintiff,

  v.                                             1:16-cv-00347-LF

NANCY A. BERRYHILL,
 Deputy Commissioner for Operations
 of the Social Security Administration,

       Defendant.

## ORDER GRANTING MOTION FOR ATTORNEY FEES
## PURSUANT TO 42 U.S.C. § 406(b)

THIS MATTER comes before the Court upon attorney Michael Armstrong's Motion for

Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum,

filed on April 18, 2018.  Doc. 26.  The motion seeks $22,731.50 in attorney fees for legal

services rendered before the Court.  *Id.* at 1.  The Commissioner states that she is not a party to

§ 406(b) fee awards and takes no position on the motion.  Doc. 27 at 1.  Having reviewed the

briefing, the record, and the applicable case law, and being otherwise fully advised in the

premises, I find the motion well taken and will GRANT it IN PART.

### I.     **Procedural History**

Ms. Hewlett filed an application for Disability Insurance Benefits on April 26, 2011.  AR

145–51.[1]  After being denied initially and upon reconsideration, Ms. Hewlett requested and

received a hearing before an Administrative Law Judge ("ALJ").  AR 33–63, 79–82, 86–91.  The

---

[1] Document 11-1 through 11-29 is the sealed Administrative Record ("AR").  When citing to the
record, the Court cites to the AR's internal pagination in the lower right-hand corner of each
page, rather than to the CM/ECF document number and page.

ALJ issued her unfavorable decision on September 24, 2014.  AR 33–63.  Ms. Hewlett requested review by the Appeals Council.  AR 7–8.  On February 25, 2016, the Appeals Council denied the request for review.  AR 1–6.  Ms. Hewlett timely appealed to this Court on April 26, 2016.  Doc. 1; *see also* 20 C.F.R. § 404.984(a).

Ms. Hewlett filed her Motion to Reverse and Remand for a Rehearing with Supporting Memorandum on December 16, 2016.  Doc. 16.  On March 6, 2017, the Commissioner filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).  Doc. 20.  The Court granted this motion, remanded the case for additional proceedings, and entered final judgment.  Docs. 21, 22.  On June 5, 2017, Ms. Hewlett filed a Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act.  Doc. 23.  The parties subsequently stipulated to a compromise settlement of $5,250.00, which the Court approved.  Docs. 24, 25.

On remand, the ALJ held a hearing and, on December 29, 2017, issued a final administrative decision awarding Ms. Hewlett disability benefits.  Doc. 26-1 at 1–15.  The Social Security Administration awarded Ms. Hewlett $130,926.00 in back benefits.  *Id*. at 19.  The SSA withheld $32,731.50 from her past-due benefits to pay for attorney fees.  *Id*.  The SSA awarded Mr. Armstrong $10,000 for work performed before the Administration.  Docs. 26 at 5, 26-1 at 19.  Mr. Armstrong now requests that he be awarded $22,731.50 as attorney fees for legal services rendered before this Court.  Doc. 26 at 1.

## II.     Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court.  *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the

Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both EAJA and under § 406. *Id.* at 497.[2] If the Court awards both EAJA fees and § 406 fees, however, counsel must refund the smaller amount to the claimant. *Id.*

> Under 42 U.S.C. § 406(b)(1),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id.* "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district

---

[2] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id.*

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id.* at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id.* at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed

within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III.    Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. Ms. Hewlett signed a fee agreement on April 7, 2016, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .

> I understand that the federal court m[a]y order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 26-1 at 27. Thus, the Fee Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, however, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that plaintiff's counsel has not shown that $22,731.50 is reasonable for his representation of plaintiff before this Court. Mr. Armstrong clearly obtained a favorable outcome for plaintiff, and he was not responsible for any appreciable delay in resolving the case. But contrary to Mr. Armstrong's assertion, this case was not remanded after it was "fully briefed." Doc. 26 at 1. Instead, the Commissioner voluntarily remanded the case under sentence four. Doc. 20. Attorneys devoted 28.8 hours to representing plaintiff on appeal before this Court. Docs. 26 at 4, 26-1 at 20–22. Mr. Armstrong argues that the low number of hours spent on this case is a result of his efficiency as a highly experienced attorney. Doc. 26 at 4 (quoting *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982) ("the ability and skill of a more

experienced attorney . . . offset[s] the number of hours put in by one who is not familiar with the applicable statutes and regulations")).  However, the record shows that the bulk of the work in this case was done by an associate attorney, Jonathan D. Woods, who received his J.D. in 2015.[3]  The Court therefore finds that the award would be disproportionately large in comparison to the amount of time spent on the case.  *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.").

This disproportionality is also apparent from the fact that the rate Mr. Armstrong is requesting is higher than any of the cases that he cites.  Mr. Armstrong requests $22,731.50 for 28.8 hours of work, or $789.29 per hour.  Doc. 26 at 1–2.  While Mr. Armstrong claims that this is in line with the fees awarded in this district in similar cases, the highest hourly rate he cites from this district is $701.75 per hour.  Doc. 26 at 6 (citing *Montes v. Barnhart*, No. 01cv578 BB/KBM (Docs. 19, 22) (D.N.M. Dec. 3, 2004)).  The Court therefore will reduce the amount of attorney fees by 15% and will order an award of $19,321.75 in attorney fees be paid to Mr. Armstrong.  This will result in an hourly rate of $670.89, which is more in line with the higher awards in this district.  *See, e.g.*, *Valdez v. Barnhart*, No. 00cv1777 MV/LCS (Docs. 26, 28) (D.N.M. Dec. 16, 2005) (awarding $12,000 for 18.6 hours of work, or $645.16 per hour); *Monger v. Colvin*, No. 13cv156 JB/CG (Doc. 37) (D.N.M. Sept. 2, 2016) (awarding $25.947.00 for 38.55 hours of work, or $673.07 per hour).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26) is GRANTED IN

---

[3] *See* https://hatcherlawgroupnm.com/attorneys/jonathan-woods/, last visited Oct. 15, 2018.  Of the 28.8 hours spent on Ms. Hewlett's case, Mr. Woods spent 25.5 hours, and Mr. Armstrong spent only 3.3 hours.  Doc. 26-1 at 23–26.

PART.  Counsel is awarded $19,321.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

IT IS FURTHER ORDERED that counsel will refund to plaintiff the $5,250.00 of attorney fees awarded under EAJA, 28 U.S.C. § 2412.  *See* Doc. 25.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent